UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARCUS D. TORRY,** ) | |
| ) | |
| Plaintiff, ) | Case No. |
| v. ) | |
| ) | Judge |
| **RUSSELL ZAGORSKI, KRISTA CHASEN,** ) | |
| **BRIAN LACEY, POITR ZDRZALKA,** ) | Magistrate Judge |
| **KELLY MONACO, VASILIOS GATSIOS,** ) | |
| **JOSE DELEON, RAFAEL ROBLEDO, JR.,** ) | JURY TRIAL DEMANDED |
| **CITY OF CHICAGO, and UNKNOWN** ) | |
| **OFFICERS OF THE CHICAGO POLICE** ) | |
| **DEPARTMENT,** ) | |
| ) | |
| Defendants. ) | |

## CIVIL RIGHTS COMPLAINT

Plaintiff, MARCUS D. TORRY, by and through his attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complaining against defendants RUSSELL ZAGORSKI, KRISTA CHASEN, BRIAN LACEY, POITR ZDRZALKA, KELLY MONACO, VASILIOS GATSIOS, JOSE DELEON, RAFAEL ROBLEDO, JR., CITY OF CHICAGO, and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, states as follows:

## NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution and illegal seizure of property.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff, MARCUS D. TORRY (hereinafter TORRY) was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, defendants RUSSELL ZAGORSKI (hereinafter ZAGORSKI), KRISTA CHASEN (hereinafter CHASEN), BRIAN LACEY (hereinafter LACEY), POITR ZDRZALKA (hereinafter ZDRZALKA), KELLY MONACO (hereinafter MONACO), VASILIOS GATSIOS (hereinafter GATSIOS), JOSE DELEON (hereinafter DELEON), RAFAEL ROBLEDO, JR. (hereinafter ROBLEDO), and UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT (hereinafter UNKNOWN OFFICERS) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. Said defendants are being sued in their individual capacity. Once the actual names of UNKNOWN OFFICERS are known, plaintiff will move the Court to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On April 20, 2017, at approximately 10:00 p.m., plaintiff MARCUS TORRY was traveling in his vehicle to the home of his friend at 1618 N. Mango Street, in Chicago, Illinois.

9. TORRY has a valid Firearm Owner's Identification Card, as well as a valid Concealed Carry License for the State of Illinois.

10. TORRY had a legally owned firearm in a black leather holster inside of the center console of his vehicle.

11. TORRY traveled on public streets and then down an alley to pull into a parking spot behind his friend's building.

12. As he traveled down the alley, he noticed a vehicle behind him.

13. The vehicle was an unmarked Chicago police vehicle driven by defendants ZAGORSKI and CHASEN, which blocked TORRY's vehicle in.

14. As TORRY was exiting his vehicle, defendants ZAGORSKI and CHASEN activated the emergency lights on their vehicle.

15. When TORRY saw the emergency lights, he got back into his car and sat in the driver's seat, with his hands clearly visible on the steering wheel, in an attempt to keep himself safe.

16. Defendant ZAGORSKI approached plaintiff TORRY on the driver's side of his vehicle, while defendant CHASEN approached plaintiff TORRY on the passenger's side of the vehicle.

17. Defendant ZAGORSKI asked plaintiff TORRY if he had a gun.

18 TORRY informed defendant ZAGORSKI that he had a gun, and that he also had a concealed carry license.

19. Defendant CHASEN asked plaintiff TORRY where the gun was.

20. TORRY pointed to the center console of his vehicle, and told defendant CHASEN that the gun was inside the middle compartment of his car.

21. Defendant CHASEN reached into the vehicle, went inside the center console, and seized the gun.

22. Plaintiff TORRY told defendant CHASEN once again that he had a concealed carry license.

23. Defendant ZAGORSKI opened the door to plaintiff TORRY's vehicle and pulled him out of the car.

24. TORRY asked if he was under arrest, but received no answer.

25. The remaining defendants LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, and ROBLEDO then arrived on scene, as plaintiff TORRY was being placed under arrest.

26. TORRY continued to ask why he was being arrested.

27. Defendant ZAGORSKI told plaintiff TORRY that it was because of the "commotion" caused by plaintiff TORRY and his friends.

28. While TORRY was being arrested, one of the defendant officers produced what appeared to be a bag of narcotics and asked if it belonged to TORRY or his friends.

29. The defendant officer then planted the bag of narcotics on the trunk of a car parked in the driveway, but took it back when he realized that people were recording the incident.

30. TORRY was arrested, incarcerated, and charged with violating the Conceal/Carry Act.

31. As a result of this incident, TORRY's firearm was seized and inventoried and was never returned to him.

32. After he retained the services of a defense attorney and made several court appearances, the criminal charge against TORRY was dismissed.

33. By reason of the above-described acts and omissions of the defendant police officers, plaintiff TORRY sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to his damage.

34. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff TORRY's rights and justify the awarding of exemplary and punitive damages.

35. By reason of the above-described acts and omissions of defendant police officers, plaintiff TORRY was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiff TORRY requests payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff TORRY Against Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS for Illegal Stop

36. Plaintiff TORRY incorporates and realleges paragraphs 1-35, as though set forth herein in their entirety.

37. The stop of plaintiff TORRY by defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS was without probable cause or even reasonable suspicion to believe that plaintiff was involved in any criminal activity, and without any other legal cause.

38. Defendant officers were either directly responsible for placing plaintiff TORRY into custody, or they unreasonably failed to intervene in unconstitutional conduct when they had a reasonable opportunity to do so.

39. By reason of the conduct of defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, plaintiff TORRY was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff TORRY pursuant to 42. U.S.C. §1983.

COUNT II
**Plaintiff TORRY Against Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS for False Arrest**

40. Plaintiff TORRY incorporates and realleges paragraphs 1-35, as though set forth herein in their entirety.

41 The seizure and arrest of plaintiff TORRY by defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS were without probable cause and unreasonable.

42. Defendant officers were either directly responsible for placing plaintiff TORRY into custody, or they unreasonably failed to intervene in unconstitutional conduct when they had a reasonable opportunity to do so.

43. By reason of the conduct of defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, plaintiff TORRY was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff TORRY pursuant to 42. U.S.C. §1983.

COUNT III
**Plaintiff TORRY Against Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS for Illegal Search of Vehicle**

44. Plaintiff TORRY incorporates and realleges paragraphs 1-35, as though set forth herein in their entirety.

45. Defendants illegally searched plaintiff TORRY's vehicle without a warrant and without his permission.

46. Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

47. By reason of the conduct of defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, plaintiff TORRY was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT IV
### Plaintiff TORRY Against Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS for Illegal Seizure and Retention of Property

48. Plaintiff TORRY incorporates and realleges paragraphs 1-35, as though set forth herein in their entirety.

49. Defendants illegally seized and/or retained plaintiff TORRY's firearm, which he legally owned.

50. Plaintiff TORRY suffered the loss of his property because of the seizure of the firearm.

51. Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

52. By reason of the conduct of defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, plaintiff TORRY was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42. U.S.C. §1983

**COUNT V**
**Plaintiff TORRY Against Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, UNKNOWN OFFICERS, and CITY OF CHICAGO for Malicious Prosecution (federal and state claim)**

53. Plaintiff TORRY incorporates and realleges paragraphs 1-35, as though set forth herein in their entirety.

54. Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, maliciously caused criminal charges to be filed and prosecuted against plaintiff TORRY without probable cause.

55. The criminal proceedings were commenced and continued maliciously.

56. Plaintiff was wrongfully incarcerated and then wrongfully prosecuted, until the charges were finally dismissed.

57. Plaintiff was injured emotionally and otherwise from the loss of freedom.

58. Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

59. By reason of the conduct of defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, plaintiff TORRY was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

60. Defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, and UNKNOWN OFFICERS, and each of them, is also liable to plaintiff TORRY under Illinois law for the state supplemental claim of malicious prosecution.

61. Defendant CITY OF CHICAGO is liable to plaintiff PRYOR pursuant to the doctrine of *respondeat superior* for the actions of their employees, committed in the course of employment, whether said employees are named or unnamed.

## COUNT VI
**Plaintiff TORRY, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)**

62. Plaintiff TORRY incorporates and realleges paragraphs 1-35, as though set forth herein in their entirety.

63. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

64. The individual defendants were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

65. Defendant CITY OF CHICAGO is thus liable to plaintiff TORRY under the theory of indemnification.

WHEREFORE, plaintiff MARCUS TORRY requests judgment as follows against defendants ZAGORSKI, CHASEN, LACEY, ZDRZALKA, MONACO, GATSIOS, DELEON, ROBLEDO, UNKNOWN OFFICERS, and CITY OF CHICAGO, in the claims set forth above, and specifically:

    A. That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

    B. That defendants be required to pay plaintiff special damages, in a sum to be ascertained at a trial of this matter;

    C. That defendants, except CITY OF CHICAGO, be required to pay plaintiff punitive damages in a sum to be ascertained at a trial of this matter;

    D. That defendants be required to pay plaintiff's attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision;

  E.  That defendants be required to pay plaintiff's costs of the suit herein incurred; and

  F.  That plaintiff be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**


Dated: February 24, 2019           /s/ Irene K. Dymkar
                           Irene K. Dymkar


Plaintiff's attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123